SPROWLS, Appellant, v. SPROWLS et al., Respondents

(147 N. W. 645.)

**Subrogation—Mortgage by Tenants in Common—Satisfaction from Co-tenant's Interest—Rights of Co-tenant Against Subsequent Mortgagee and Grantee.**

Where plaintiff and his co-tenant gave a mortgage on realty held in common, to secure a note which they failed to pay, and a subsequent mortgagee of the co-tenant's interest paid the note, obtained judgment thereon in another state, and in an action on the judgment in this state attached and sold plaintiff's undivided interest in the land for the amount of the foreign judgment, with interest and costs, **held**, that plaintiff was entitled to be subrogated to the rights of the original mortgagee in his co-tenant's interest, as against the subsequent mortgagee and grantee of the co-tenant's interest in the land, to the extent of one-half of the amount for which his interest was sold, and this, whether the mortgage under which the subrogation took place was assigned, or simply paid.

(Opinion filed June 8, 1914.)

Appeal from Circuit Court, Sully County. Hon. JOSEPH H. BOTTUM, Judge.

Action by A. C. Sprowls against A. H. Sprowls and others, to be subrogated to a co-tenancy interest in realty, and to a corresponding interest in a note secured on the common interest of plaintiff and his co-tenant of the realty, a judgment for the amount of which note had been satisfied by sale of plaintiff's interest in the realty. From a judgment granting plaintiff insufficient relief, he appeals. Reversed and remanded, with directions.

*Newell N. Powell,* and *Luse, Powell & Luse,* for Appellant.

Appellant is entitled to be subrogated to the rights of the mortgagee in the co-tenant's interest in the mortgaged realty, under the facts shown on the record. Upton v. Hugos, 7 S. D. 776, 64 N. W. 523; Bank of Ipswich v. Brock, 13 S. D. 409, 83 N. W. 436; Emmert v. Thompson, 49 Minn. 386 (52 N. W. 31); Home Investment Company v. Clarson, 15 S. D. 513, 90 N. W. 153; Connell v. Welch, 101 Wis. 8; Section 1089, Volume 1, Jones on Mortgages. 38 Cyc. 47, 37 Cyc. 398; Moon v. Jennings, 20 N. E. (Ind.) 748; 1 Story, Eq. Jur. sec. 505; Freem. Co-tenancy, sec. 322-512; Barker v. Flood, 103 Mass. 474; Holmes v. Holmes, (Mich.) 89 N. W. 47. Fort Jefferson Imp. Co. v. Dupoyster, 112

Ky. 792 (66 S. W. 1048), and note; Pease v. Eagen, 131 N. Y. 262 (30 N. E. 102.)

*J. H. Gropengeiser,* and *Sutherland & Payne,* for Respondents A. H. Sprowls and D. H. Rotcher.

Had appellant or A. H. Sprowls paid and discharged the first mortgage, he would doubtless be subrogated to the rights of the mortgagee. If, however, he as a matter of fact, purchased the $2,000 note and mortgage outright, he then acquired all the interest and rights of the mortgagee.

The equities of appellant and respondent Sprowls, are not equal. Appellant was under obligation to pay defendant and discharge the $2,000 mortgage. Respondent Sprowls merely had a second lien on an undivided one-half interest of the mortgaged property before he purchased the $2,000 note and mortgage to protect the former. He had no duties to perform to appellant.

He had no title to the property, and therefore had no property which should contribute, but appellant Sprowls had an adequate remedy at law whereby he could have protected his interests fully, by paying off and discharging the $2000 and becoming subrogated to the rights of the mortgagee. Calkins v. Steinbach, 4 Pac. 1103 Cal.; Stewart v. Stewart, 90 Wis. 516, and other cases cited by appellant; Jones Mortgages, Sec. 1089; Connell v. Welch et al., 76 N. W. 596.

Appellant is not entitled to contribution from respondent Sprowls.

McCOY, J.        In October, 1907, appellant A. C. Sprowls and respondent Smith then being the owners, as tenants in common, of certain real estate situated in Sully County, jointly executed and delivered to one Krahn, as mortgagee, a certain mortgage upon said real estate to secure the payment of a note for $2000.00, signed by appellant and respondent Smith, due three years after date, and which note represented a joint debt owed by them. This Krahn mortgage was duly recorded on the 18th of October, 1907. On the 4th day of March, 1909, respondent Smith executed and delivered to respondent A. H. Sprowls, as mortgagee, a mortgage upon the undivided individual interest of said Smith in said land to secure an individual debt of Smith to respondent Sprowls. When the note and mortgage to Krahn became due and the same not having been paid by the said

mortgagors thereof, said note was paid by respondent A. H. Sprowls. In the month of January, 1911, Smith executed and delivered to respondent Rotcher a deed of his undivided one-half interest in said real estate. Thereafter respondent A. H. Sprowls secured a judgment jointly against the appellant and said Smith on said $2000.00 Krahn note, in the courts of the state of Illinois to the amount of $2,079.67, and in May, 1911, respondent Sprowls, as plaintiff, commenced an action in the circuit court of Sully County against the appellant and said Smith, as defendants, but only made service of process upon appellant. At the time of the commencement of said last mentioned action, a warrant of attachment was issued therein, on the ground of non-residence of appellant, and a levy was made thereunder alone on the interest of appellant in said real estate; and appellant not appearing, such action proceeded to judgment, and an execution issued, and on the 18th day of November, 1911, the undivided individual share of appellant in said real estate was alone sold to A. H. Sprowls, respondent, for the sum of $2,234.89, being the full amount of principal, interest and cost due on said Illinois judgment, and which execution was returned fully satisfying said judgment

Appellant, as plaintiff, instituted this action against respondents Sprowls, Rotcher and Smith, as defendants, claiming to be subrogated, through A. H. Sprowls, respondent, to one-half interest in said $2,000.00 Krahn note and mortgage indebtedness to protect the common interest of appellant as against the common interest of said Smith, which was liable for the payment of one-half of said indebtedness, and those claiming under him subsequent to the recording of the Krahn mortgage, and seeks to have one-half of the said Krahn indebtedness foreclosed as against the interest or common share in said land formerly owned by said Smith. On the trial the facts hereinbefore stated, among others, were found, and conclusions of law made therefrom as follows: "That plaintiff's action is without equity as to A. H. Sprowls; that at the commencement of this action plaintiff had an adequate remedy at law as to A. H. Sprowls; that plaintiff should be subrogated to the right of Rotcher; that said action be dismissed as to A. H. Sprowls;" and judgment being accordingly entered thereon, plaintiff appeals, assigning

the insufficiency of the evidence to sustain certain of the findings; that the findings do not sustain the conclusions and judgment; that the findings are sufficient to sustain a judgment and decree in favor of plaintiff.

It is the contention of appellant that when his common share and interest in said real estate was sold and made to pay and satisfy the whole of the indebtedness secured by the Krahn mortgage, and which should in equity have been satisfied by a sale of both the common interests in said land, he became subrogated to the right of Krahn to foreclose said mortgage to the amount of the excess over and above his share, that should have been paid by the Smith common share,—that the Smith common share or interest in said land, no matter by whom now owned or incumbered, cannot elude or escape its obligation for the satisfaction of its common share of the Krahn mortgage. We are of the view that the contention of appellant is sound and well taken, and that the learned trial court was in error in rendering judgment that plaintiff's action was without equity as to respondent Sprowls. It seems to be generally held that where a tenant in common pays off an incumbrance on the common estate, equity will consider the incumbrance as still existing in order to enforce contribution from the co-tenant, or as extinguished, according to the justice of the case. Generally as between tenants in common of an estate bound by a joint lien, the part of each is held liable to contribute only its proportion toward the discharge of the common burden, and beyond this, is regarded as the surety for the remaining part, and if the part of one is called on to pay more than its proportion, the tenant thus paying the excess is entitled to stand in the place of the satisfied creditor to the extent of the excess which ought to have been paid out of the other share. 37 Cyc. 398. 38 Cyc. 47. Jones on Mort. Sec. 1089. Pomeroy's Eq. Jur. Sec. 411. Hogan v. McMahon, 115 Md. 195, 80 Atl. 695 Ann. Cas. 1912C, 1260 and note. Watson's Appeal, 90 Pa. St. 426. It is apparent from the foregoing authorities that the *estate or interest in common* in the land is held to contribution under subrogation regardless of any personal right or obligation of the owner of such common share. It is the estate or interest in the land owned by Smith as a tenant in common that was charged with the burden of paying one-half of the Krahn

mortgage, regardless of who might subsequently become the owner or incumbrancer of such share. The mortgage from Smith to Respondent Sprowls, and also the deed from Smith to Rotcher, were both expressly made subject to the Krahn mortgage, and both were also subject and junior, in legal right, to the Krahn mortgage under the recording statute of this state. Whether the mortgage under which the subrogation takes place was assigned or simply paid is immaterial. It is the fact of payment or satisfaction that constitutes the tenant in common an equitable assignee and keeps the lien alive for the purpose of subrogation and contribution. 2 Pom. Eq. Jur. Sec. 729. When the share of appellant, by judicial sale, was made to stand the whole burden of the Krahn mortgage it was in effect the same as if he had paid said mortgage lien in money,—his property was taken instead of his money. Appellant's share in said land was gone and he had no further interest therein,—the value of his land paid $1,117.45 that should have been paid by the Smith interest. The respondent Sprowls is now the owner of the share formerly owned by appellant. Respondent, Sprowls, under the Krahn mortgage, had the right to sell both common shares in satisfaction of the Krahn indebtedness, and had he done so and both interests had only brought sufficient to satisfy said lien, then appellant would have been in no position to complain, but it is fair to presume that if both common interests had been sold, they would have brought double what the one-half interest brought, and, under which circumstances, appellant would have been entitled to one-half the surplus, or $1,117.45.

The other facts found by the court,—that there was no fraud or collusion betwen respondents Sprowls and Rotcher, and that Smith is insolvent, are wholly immaterial.

The judgment appealed from is reversed and the cause remanded with directions to the lower court to enter judgment and decree in favor of appellant against both respondents Sprowls and Rotcher, adjudging that appellant be subrogated to the rights and lien of the Krahn mortgage to the extent of $1,117.45, with interest and costs, in and against the undivided one-half interest in and to said land owned by Rotcher and covered by the mortgage given by Smith to A. H. Sprowls; that

such interest be sold and foreclosed to satisfy appellant's said claim thereon, the balance, if any received upon such foreclosure sale, after payment of appellant's claim, interest and costs, to be applied in payment of the mortgage given A. H. Sprowls by Smith.